Howard T. Hogan, J.
In this eminent domain proceeding, the claimant seeks an order pursuant to chapter 1161 of the Laws of 1971 directing the petitioner, Town of North Hempstead, to pay to it, as an advance payment, the full amount determined by the town to be the value of the property condemned. The amount so determined by the condemnor and set forth in its approved appraisal is $188,500.
Despite the clear and unequivocal statutory mandate, the condemnor has paid only a meager portion of said sum together with interest thereon. The amount so paid totals $37,356.99.
The town contends that the statute is unclear in that it does no specifically apply to Nassau County. Counsel points to chapter 1155 of the Laws of 1971 which amends specifically named statutes such as the Highway Law, etc., to provide for 100% advance payments. He argues that if the Legislature intended chapter 1161 to apply to Nassau County and to amend its Administrative Code, it would have said so in specific language. This contention is without merit.
After providing for the amendment of specific statutes in chapter 1155, the Legislature enacted chapter 1161 to apply to all other statutes and ordinances not specifically named in chapter 1155. The statute applies notwithstanding any general or special statute or any local law or ordinance. The legislative mandate is clear. All property owners in New York State are to be treated equally and are to receive 100% of the condemnor’s appraised value as an advance payment.
We are here faced with a situation in which the property owner has been deprived of his property through no fault of his own and against his will. He must now go into the market *351 place to replace that which he has lost, and it is in this same market that he must pay anywhere from 8% to 15% to secure necessary financing. The 6% interest provided by statute for condemnation awards is, at best, an approach to the constitutional concept of just compensation.
Chapter 1161 is an attempt to alleviate some of the injustice by providing the condemnee with the maximum funds possible during the early stages of a condemnation proceeding. To deny to him the full benefits of clearly expressed legislative intent upon unfounded grounds constitutes an attitude which is arbitrary and capricious and which exemplifies bureaucracy at its worst.
Accordingly, the motion is granted and the Town of North Hempstead is directed to pay to the claimant the balance of the advance payment rightfully due, namely, the sum of $154,840, together with interest at the rate of 6% per annum as follows:
[1] Interest at 6% per annum on $188,500 from May 14, 1970 to March 13,1972; the sum of $20,735 less $3,696.99 already paid or $17,038.01, and
[2] Interest at 6% per annum on $154,840 from March 14, 1972 to the date of payment of said $154,840.
In addition, the court awards $20 costs to the claimant.