Thomas P. Farley, J.
This application in a condemnation proceeding is brought to compel the County of Nassau to release to the claimant the advance payment required by chapter 1161 of the Laws of 1971, and to restrain the county from depositing the money into court. By cross motion, the county requests dismissal of the petition on the ground it is verified by the attorney rather than the claimant, and for failure to comply with CPLR 3014.
Despite the alleged inability of the county to answer the petition because its contents are not divided into numbered paragraphs in accordance with the requirements of CPLR 3014, an affidavit in opposition to the application was submitted. The papers, moreover, clearly indicate there is but one issue raised, and that is the legality of the condemnor to condition the making of an advance payment upon the agreement by the claimant to allow entry of judgment against , him for the difference between the amount paid and the award made by the court in the event the award is less than the sum advanced in payment for property taken.
*1005 In view of the clear-cut issue presented, technical deficiencies in the papers should properly be disregarded to avoid repetition of the application, and the ensuing waste of time by the court and the parties (see Siegel, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, 1975-1976 Pocket Part, CPLR 2214, p 5). Furthermore, the petition may be and is treated as a motion in a special proceeding, whose return date, for practical reasons, cannot coincide with the trial of the condemnation proceeding (cf. CPLR 406), and must therefore be made in accordance with the rules governing motion practice generally.
Turning to the merits of the application, the court observes the claimant has signed the agreement prepared by the county to facilitate the making of the advance payment but deleted paragraph "6”. This article conditioned the payment on claimant’s agreement to permit judgment to be entered against him for the amount by which the payment might exceed the award made by the court should that eventuality occur. This modification was rejected by the county which then informed claimant the money would be paid into court.
Chapter 1161 of the Laws of 1971 provides that where title vests in the condemnor prior to the adjudication and payment of the compensation due to the owner, the condemnor shall offer to the property owner the full amount determined by the condemnor to be the value of his claim for legal damages. The requirements of chapter 1161 are mandatory and seek to alleviate the hardship imposed on owners in financing the purchase, rental or replacement of the property taken by eminent domain (Matter of Town of North Hempstead [Roslyn West Shore Road], 70 Misc 2d 350). Payment of the money into court obviously defeats this beneficial purpose, and is only authorized when the owner refuses the advance payment or where the owner’s title is disputed or is not clear and unencumbered. These factors are not present here. In justification of its position, the county points out that since the passage of chapter 1161 of the Laws of 1971, the court in two instances has made awards below the advance payments tendered by it on the basis of its appraisals. The court need not and does not consider the dilemma that may be occasioned in such situations since the Legislature has not seen fit to impose conditions on the payment, and the condemnor may not do so.
The application to compel the payment is granted. The *1006 branch of the motion to restrain the deposit of the money in court is denied as unnecessary, and the cross motion is denied. _